STATE OF MISSOURI, Respondent, v. THOMAS G. BRADLEY, Appellant.

Kansas City Court of Appeals, February 20, 1888.

PRACTICE — COURSE OF PROCEEDINGS IN APPELLATE COURT—CASE ADJUDGED.—The statute requires that all cases brought to this court on appeal or writ of error, shall be filed by the clerk in his office at the time of their reception by him. It is then made the duty of the clerk to prepare a docket in the manner therein prescribed, the object of all which is to proceed in order, giving cases their precedence as they appear on the docket. This court will not turn aside, as it is asked to do in this case, from the consideration of cases already argued and submitted at the present term, and take up this case (assigned for hearing at the next (March) term) on its merits, examine the record, ascertain whether the imputed errors exist, and determine all this on a mere motion.

APPEAL from Johnson Circuit Court, HON. JOHN E. RYLAND, Judge.

*Motion denied.*

The case is stated in the opinion.

SAMUEL P. SPARKS, for the appellant.

I.   This proceeding was bottomed on section 6964, of the Revised Statutes of Missouri: " If any person shall wilfully or knowingly obstruct any public road   *   *   *   he or they shall each pay a fine of not less than twenty dollars, to be recovered by indictment or information before a justice of the peace." 2 Rev. Stat., p. 1371; Laws 1883, sec. 33, p. 165; Laws 1887, sec. 36, p. 254.

II.   It is plain that the statute did not provide for

a proceeding by information in the criminal court, but only before a justice of the peace.

III. This being a statutory offence, the proceeding must be in the tribunal prescribed by the statute, and the criminal court could only try defendant upon an indictment; and the attempted conviction upon an information was a nullity, and this appearing upon the face of the proceeding, this court has no jurisdiction of the offence, and the judgment should be reversed and the defendant discharged. *Journey v. State*, 1 Mo. 428; *Crowin v. State*, 4 Mo. 609; *State v. Huffsmidt*, 47 Mo. 79.

IV. Want of jurisdiction over the subject-matter can be taken advantage of at any time. *Henderson v. Henderson*, 55 Mo. 534; *Graves v. McHugh*, 58 Mo. 490. All the testimony conclusively established that the alleged acts constituting the alleged offence were committed more than a year prior to the filing of the information, and that the offence was barred. Rev. Stat., 1879, p. 297, sec. 1705. The statute of limitations could not be aborted by the pending of an indictment against defendant for a similar offence, unless it appeared from the indictment that it was for the identical offence described in the information. There was a total variance both in respect to description of the road alleged to have been obstructed and the dates of the respective alleged obstructions, and the court should have sustained the demurrer to the evidence.

No brief for the respondent.

PHILIPS, P. J.—The defendant, on information filed by the prosecuting attorney, was found guilty of obstructing a public road in Johnson county. From that judgment defendant took an appeal to this court. The transcript of the record therein was filed in the office of the clerk of this court on the seventh day of January, 1888; and is set down for hearing on the coming March docket. The defendant, by his attorney,

on filing said transcript, filed in this court a motion to reverse and remand the cause, for the reasons (1) that the criminal court of that county acquired no jurisdiction by information to proceed to such trial and conviction, and (2) because the evidence showed that the offence was barred by the statute of limitations. This motion was denied, on the ground that it was without precedent and was premature. The defendant, by his attorney, again comes and moves for a rehearing on said motion ; and claims that this court was in error as to this matter of practice. No statute is cited authorizing such proceeding, nor are we referred to any opinion of the courts of this state, or elsewhere, countenancing it. We have only the statement of counsel that in the unreported case of *Curtis v. Bettes*, in Supreme Court of this state, April term, 1881, on appeal from Johnson county, that court, at the instance of appellant's attorney, sustained a similar motion. *Ex gratia*, we will accept, for the purpose of this case, his tradition of that proceeding. It is as follows : There was what is known as a skeleton bill of exceptions in the case, calling for the insertion of appellant's instructions at a given place. When the circuit clerk came to make out the transcript on appeal, the instructions for appellant were missing, which fact the clerk certified. All the counsel, save one, engaged in the cause acquitted themselves by affidavit of "the eloigning." Motion was filed in the Supreme Court (but whether at or before the term when the case was assigned for hearing does not appear) to reverse and remand the cause on account of the missing instructions, which motion was sustained. But no opinion was filed in the case ; nor can the motion itself now be found.

Reserving the question as to whether an appellant who trusts to such skeleton bill of exceptions ought to secure a reversal because the clerk cannot find the instructions to complete a bill of exceptions which it was the duty of the appellant to look after and see that it was complete ; and refraining from the consideration of

the possible mischief of establishing such a very easy road for the unsuccessful litigant in the lower court to secure a reversal, when there was in fact no error committed in the trial of the cause ; we can only conjecture that the Supreme Court were satisfied in that case of the good faith and conduct of the counsel, and thought it best to remand the cause at once, so it could be re-tried, and again prepared, if necessary, for appeal, rather than to await the delay of its being reached in its order. But that is not this case. Nor is it a precedent to be followed, in our judgment, one inch beyond its letter.

The statute requires that all cases brought to this court, on appeal or writ of error, shall be filed by the clerk of this court in his office at the time of their reception by him. It is then made the duty of the clerk to prepare a docket, and to place thereon all cases from the same judicial circuit in succession, in the order of the circuits ; setting down a given number for each day of the call. The object of all which is to proceed in order, giving cases their precedence as they occur on the docket. This case was not filed in this court until the seventh day of January, 1888. It is assigned for hearing on the second day of April, 1888. There are many cases for the March term having precedence over it. Shall we turn aside from the due consideration of causes already argued and submitted at the present October term, and take up this case on its merits, examine the record, ascertain whether the imputed errors exist, and determine all this on a mere motion ? If this practice is to obtain, it must apply indifferently to all cases, criminal and civil. Why, then, have a docket at all ? Why assign cases for hearing by circuits in their numerical order ? He who can first get here after a defeat below could have his case taken up on mere motion, without making abstracts of record, briefs, or assign-ments of error, and have all the errors examined ; and if found to exist have the case determined in advance on

mere motion. But, after we had spent days on such motion, looking into the imputed errors and the law arising thereon, all we could do would be either to sustain or overrule the motion. If we were of opinion that the errors complained of in the motion existed, we would sustain the motion, reverse, or reverse and remand the cause; but if we were of opinion that no errors had been committed by the trial court we could not affirm, we could only deny the motion. Then the cause would stand to its place on the docket, subject to all the requirements of the practice act, and the rules of the appellate court, for making out abstracts, briefs, and the like, with assignments of error. And we could reasonably rely upon appellant's counsel appearing at the hearing to claim his hour for argument, with the privilege of reviewing the decision of the court on the motion to reverse. And there might be successive opinions in the case.

We think a precedent established by allowing this motion would be hurtful, and it is, therefore, denied. All concur.